IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TAURUS LEBRON GREEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-613-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

In 2022, Petitioner Taurus Lebron Green filed a *pro se* motion under 28 U.S.C. § 2255, challenging his sentence in *United States v. Green*, 2:20-CR-104-WKW-02. (Doc. # 1.)  The motion was reassigned to the undersigned on September 10, 2025. At the time of filing, Petitioner was incarcerated at FCI Forrest City-Low.  (Doc. # 1 at 1; *see also* Doc. # 1-1 at 2, ¶ 3.)  Recently, it was determined that Petitioner has not been in the custody of the Federal Bureau of Prisons (BOP) since August 22, 2025.  (*See* Doc. # 17 at 2 & n.3.)  As a result, by Order dated November 13, 2025 ("Show-Cause Order"), Plaintiff was directed to file a response confirming his requested relief and showing cause as to why his § 2255 motion not be denied as moot and dismissed based on his release from BOP custody.  (Doc. # 17 at 3.)

The Show-Cause Order set a December 2, 2025 deadline and warned that **"Petitioner's failure to file a response, as directed, will result in dismissal of the**

**§ 2255 motion for failure to prosecute and comply with [the Show-Cause] Order.**" (Doc. # 17 at 3.)  Petitioner, who is no longer incarcerated, did not timely file a response to the Show-Cause Order.  Consequently, as forewarned, Petitioner's § 2255 motion will be dismissed for failure to prosecute and comply with the Show-Cause Order.

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases."  *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up).  The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.[1]  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling."  *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a

---

[1] The *Rules Governing Section 2255 Proceedings for the United States District Courts* do not address dismissals with or without prejudice.  However, the *Rules* allow for the application of the Federal Rules of Civil Procedure when there is no conflict with statutory provisions or the *Rules*. Here, applying Rule 41(b) of the Federal Rules of Civil Procedure does not present any conflict.

sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Here, the dismissal effectively prevents Petitioner from refiling due to the expiration of the one-year limitations period, 28 U.S.C. § 2255(f), making it "tantamount to a dismissal with prejudice." *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993) (per curiam). A dismissal with prejudice is warranted based on Petitioner's clear record of delay. Since his release in August 2025, Petitioner has taken no steps to prosecute this case: He failed to notify the court of his release, did not provide a forwarding address, and did not respond to a direct order to indicate whether he intended to pursue his petition. This action cannot proceed without Petitioner's participation, and his sustained inaction confirms his lack of interest in prosecuting his petition and demonstrates a clear record of delay.

The court also has considered lesser sanctions and has reasonably concluded they would be ineffective and would unduly prejudice Respondent. *See Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 F. App'x 116, 118 (11th Cir. 2007) (per

curiam). Imposing lesser measures would neither secure Petitioner's participation nor advance the case toward resolution, while continuing delay would increase the burden on Respondent and the court. Petitioner's post-release conduct has impeded the progress of this litigation and undermined the effective administration of justice. *See Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004) ("A district court must be able to exercise its managerial power to maintain control over its docket. This power is necessary for the court to administer effective justice and prevent congestion." (citation omitted)). Accordingly, dismissal with prejudice is the appropriate and necessary sanction.

Based on the foregoing, it is ORDERED that Petitioner's 28 U.S.C. § 2255 motion (Doc. # 1) is DISMISSED with prejudice.

Final Judgment will be entered separately.

DONE this 8th day of December, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE